**IN THE UNITED STATES DISTRICT COURT
FOR NEW JERSEY**

UNITED STATES OF AMERICA,

               Plaintiff

ANTHONY N. CHICCINI, HIS HEIRS,
DEVISEES AND PERSONAL
REPRESENTATIVES, AND HIS, HER,
THEIR OR ANY OF THEIR SUCCESSORS
IN RIGHT, TITLE AND INTEREST;
KATHLEEN CHICCINI; MR. CHICCINI,
HUSBAND OF KATHLEEN CHICCINI;
DARLENE CARTER; MR. CARTER,
HUSBAND OF DARLENE CARTER;TONY
CHICCINI; MRS. TONY CHICCINI, HIS
WIFE; DENISE CHICCINI; MR. CHICCINI,
HUSBAND OF DENISE CHICCINI;
MICHAEL CHICCINI; MRS. MICHAEL
CHICCINI, HIS WIFE; CHRISTOPHER
CHICCINI; MRS. CHRISTOPHER
CHICCINI, HIS WIFE; ANDREW CHICCINI;
MRS. ANDREW CHICCINI, HIS WIFE;
STATE OF NEW JERSEY; RACHEL
HOFSTROM; GLOUCESTER COUNTY
PROBATION SERVICES; ISABELLA C.
CHICCINI; ABC BAILS BONDS, INC.;
ATLANTIC CITY ELECTRIC; JOSEPH J.
HOFFMAN, JR., PA; NEW JERSEY
PROPERTY LIABILITY INSURANCE
GUARANTY ASSOCIATION

               Defendant(s)

Civil Action No.

**Complaint for Foreclosure and
Possession**

The UNITED STATES OF AMERICA, by and through its attorneys, Frank J. Martone,

P.C., states the following claims against the defendants:

**PARTIES**

1.    Plaintiff, Department of Housing and Urban Development, is an agency of the

United States of America, (hereinafter referred to as "United States of America" having an office

at 301 NW 6th Street, Suite 200, Oklahoma City, Oklahoma.

2.      Upon information and belief, ANTHONY N. CHICCINI, original owner, died on February 11, 2013.   Plaintiff's inquiry revealed no surrogate proceedings have been filed with the Gloucester County Surrogate's Office.   Plaintiff's further inquiry revealed an Obituary for the decedent, Anthony N. Chiccini which revealed the following heirs at law and next kin:   Kathleen Chiccini, wife; Darlene Carter, daughter; Tony Chiccini, son; Denise Chiccini, daughter; Michael Chiccini, son; Christopher Chiccini, son and Andrew Chiccini, son.

(a).      In the event that there are any heirs at law and next of kin of Anthony N. Chiccini that plaintiff is unaware of plaintiff herein joins the unknown heirs of the decedent, Anthony N. Chiccini, for any interest they may have in the subject property and are designated as:

ANTHONY   N.   CHICCINI,   HIS   HEIRS,   DEVISEES   AND   PERSONAL REPRESENTATIVES, AND HIS, HER, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST

(b).      KATHLEEN CHICCINI is hereby made a party defendant as an heir at law and next of kin of the decedent, Anthony N. Chiccini, and for any interest she may have in the subject premises.   Kathleen Chiccini is also known as Kathleen M. Chiccini and is being designated as Kathleen Chiccini.  She is one and the same person.

(c).      DARLENE CARTER is hereby made a party defendant as an heir at law and next of kin of the decedent, Anthony N. Chiccini, and for any interest she may have in the subject premises. Darlene Carter is also known as Darlene S. Carter and is being designated as Darlene Carter.  She is one and the same person.

(d).      TONY CHICCINI is hereby made a party defendant as an heir at law and next of kin of the decedent, Anthony N. Chiccini, and for any interest he may have in the subject premises. Tony Chiccini is also known as Tony N. Chiccini and is being designated herein as Tony Chiccini.  He is one and the same person.

(e).      DENISE CHICCINI is hereby made a party defendant as an heir at law and next of kin of the decedent, Anthony N. Chiccini, and for any interest she may have in the subject premises.

(f).     MICHAEL CHICCINI is hereby made a party defendant as an heir at law and next of kin of the decedent, Anthony N. Chiccini, and for any interest he may have in the subject premises. Michael Chiccini is also known as Michael A. Chiccini and is being designated as Michael Chiccini. He is one and the same person.

(g).     CHRISTOPHER CHICCINI is hereby made a party defendant as an heir at law and next of kin of the decedent, Anthony N. Chiccini, and for any interest he may have in the subject premises.  Christopher Chiccini is also known as Christoph Chiccini and also known as Christopher P. Chiccini and also known as Christoph P. Chiccini and is being designated as Christopher P. Chiccini.  He is one and the same person.

(h).     ANDREW CHICCINI is hereby made a party defendant as an heir at law and next of kin of the decedent, Anthony N. Chiccini, and for any interest he may have in the subject premises. Andrew Chiccini is also known as Andrew N. Chiccini and is being designated as Andrew Chiccini. He is one and the same person.

(i).     The present marital status of KATHLEEN CHICCINI cannot be ascertained and defendant MR. CHICCINI, HUSBAND OF KATHLEEN CHICCINI the unknown spouse/domestic partner/civil union partner of KATHLEEN CHICCINI is hereby named for any interest or right he may hold in the property.  Any title interest, dower/curtesy or possessory right, if any, acquired by MR. CHICCINI, HUSBAND OF KATHLEEN CHICCINI was subsequent to the subject mortgage.  Any interest or right MR. CHICCINI, HUSBAND OF KATHLEEN CHICCINI has in such property is subordinate and subject to the aforesaid mortgage.

(j).     The present marital status of DARLENE CARTER cannot be ascertained and defendant MR. CARTER, HUSBAND OF DARLENE CARTER the unknown spouse/domestic partner/civil union partner of DARLENE CARTER is hereby named for any interest or right he may hold in the property.  Any title interest, dower/curtesy or possessory right, if any, acquired by MR. CARTER, HUSBAND OF CARLENE CARTER was subsequent to the subject mortgage.   Any

interest or right MR. CARTER, HUSBAND OF DARLENE CARTER has in such property is subordinate and subject to the aforesaid mortgage.

(k).     The present marital status of TONY CHICCINI cannot be ascertained and defendant MRS. TONY CHICCINI, HIS WIFE the unknown spouse/domestic partner/civil union partner of TONY CHICCINI is hereby named for any interest or right he may hold in the property.  Any title interest, dower/curtesy or possessory right, if any, acquired by MRS. TONY CHICCINI, HIS WIFE was subsequent to the subject mortgage.  Any interest or right MRS. TONY CHICCINI, HIS WIFE has in such property is subordinate and subject to the aforesaid mortgage.

(l).     The present marital status of DENISE CHICCINI cannot be ascertained and defendant MR. CHICCINI, HUSBAND OF DENISE CHICCINI the unknown spouse/domestic partner/civil union partner of DENISE CHICCINI is hereby named for any interest or right he may hold in the property.  Any title interest, dower/curtesy or possessory right, if any, acquired by MR. CHICCINI, HUSBAND OF DENISE CHICCINI was subsequent to the subject mortgage.  Any interest or right MR. CHICCINI, HUSBAND OF DENISE CHICCINI has in such property is subordinate and subject to the aforesaid mortgage.

(m).     The present marital status of MICHAEL CHICCINI cannot be ascertained and defendant MRS. MICHAEL CHICCINI, HIS WIFE the unknown spouse/domestic partner/civil union partner of MICHAEL CHICCINI is hereby named for any interest or right he may hold in the property. Any title interest, dower/curtesy or possessory right, if any, acquired by MRS. MICHAEL CHICCINI, HIS WIFE was subsequent to the subject mortgage.  Any interest or right MRS. MICHAEL CHICCINI, HIS WIFE has in such property is subordinate and subject to the aforesaid mortgage.

(n).     The present marital status of CHRISTOPHER CHICCINI cannot be ascertained and defendant MRS. CHRISTOPHER CHICCINI, HIS WIFE the unknown spouse/domestic partner/civil union partner of CHRISTOPHER CHICCINI is hereby named for any interest or right he may hold in the property.   Any title interest, dower/curtesy or possessory right, if any, acquired by MRS. CHRISTOPHER CHICCINI, HIS WIFE was subsequent to the subject mortgage.  Any interest or

4

right MRS. CHRISTOPHER CHICCINI, HIS WIFE has in such property is subordinate and subject to the aforesaid mortgage.

(o).    The present marital status of ANDREW CHICCINI cannot be ascertained and defendant MRS. ANDREW CHICCINI, HIS WIFE the unknown spouse/domestic partner/civil union partner of ANDREW CHICCINI is hereby named for any interest or right he may hold in the property. Any title interest, dower/curtesy or possessory right, if any, acquired by MRS. ANDREW CHICCINI, HIS WIFE was subsequent to the subject mortgage.  Any interest or right MRS. ANDREW CHICCINI, HIS WIFE has in such property is subordinate and subject to the aforesaid mortgage.

3.    The State of New Jersey is hereby made a party defendant by virtue of its interest in any unpaid transfer, estate and/or inheritance taxes, which may be due by reason of the death of Anthony N. Chiccini.

4.    Defendants set forth below are holders of docketed judgment(s) in the Superior Court and their liens are subordinate to that of plaintiff, and they are joined because of the judgment that they hold.

(a).

```
                         SUPERIOR COURT OF NEW JERSEY
JUDGMENT: J-290550-2005                    CASE NUMBER: CS  722909  44A
DATE ENTERED: 11/02/05                      DATE OF BIRTH ███████
ACTION: CHILD SUPPORT
VENUE: GLOUCESTER
  CREDITOR(S):
        RACHEL HOFSTROM
  ATTY FOR CR.: PRO SE
  DEBTOR(S):
        CHRISTOPHER P CHICCINI , SSN# ███████
        212 KILBURN ST, WILLIAMSTOWN, NJ 08094
                    ---------------
The debt amount varies from date to date. If you wish to know
the current details, please contact: 1-877-NJ-KIDS1 (1-877-655-4371)
or www.njchildsupport.org
                    *** End of Abstract ***
```

(b).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: J-115727-2006              CASE NUMBER: 02   110388   3
DATE ENTERED: 05/09/06     DATE SIGNED: 02/09/06
TYPE OF ACTION: CRIMINAL
VENUE: CAMDEN
                                            DEBT: $         37.00
  CREDITOR(S):
      STATE OF NEW JERSEY TREASURER
          ATTORNEY: CAMDEN COUNTY PROBATION DEPARTMENT
  DEBTOR(S):
      DARLENE CARTER , SSN#:XX
          16 -P NORTHGATE 1 CANDEN, NJ 08102
    SNSF
                      ---------------
                    *** End of Abstract ***
```

(c).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: J-162105-2012
DATE ENTERED: 08/03/12
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                            DEBT: $         50.00
  CREDITOR(S):
      DIV OF YOUTH & FAMILY SERVICES
          ATTORNEY: PRO SE
  DEBTOR(S):
      MICHAEL A CHICCINI ,DOB:
          500 ORBANUS LN, WILLIAMSTOWN, NJ 08094
      ATTORNEY: PRO SE
    CALL: DCF REVENUE FINANCIAL REPORTING 609-888-7520
                      ---------------
                    *** End of Abstract ***
```

(d).

**Gloucester County Probation Services is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: J-238433-2013              CASE NUMBER: PS   014757   13
DATE ENTERED: 11/22/13     DATE SIGNED: 11/22/13
TYPE OF ACTION: OTHER
VENUE: MERCER
                                            DEBT: $        125.00
  CREDITOR(S):
      PROBATION SERVICES
          ATTORNEY: PRO SE
  DEBTOR(S):
      MICHAEL A CHICCINI ,DOB:
          APT A
          48 CLAYTON RD, WILLIAMSTOWN, NJ 08094
      ATTORNEY: PRO SE
    CONTACT PROBATION SERVICES AT YOUR LOCAL COUNTY---------------
                    *** End of Abstract ***
```

6

(e).

**Gloucester County Probation Services is made a party defendant by virtue of the following judgment.**

```
                      SUPERIOR COURT OF NEW JERSEY                    ____
JUDGMENT NUMBER: J-228971-2014              CASE NUMBER: PS  013427  14
DATE ENTERED: 12/02/14      DATE SIGNED: 12/02/14
TYPE OF ACTION: OTHER
VENUE: MERCER
                                            DEBT: $      125.00
 CREDITOR(S):
      PROBATION SERVICES
           ATTORNEY: PRO SE
 DEBTOR(S):
      MICHAEL CHICCINI ,DOB: ███████████
           212 KILBURN DR, WILLIAMSTOWN, NJ 08094
        ATTORNEY: PRO SE
   CONTACT PROBATION SERVICES AT YOUR LOCAL COUNTY
                    ---------------
                *** End of Abstract ***
```

(f).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                      SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: J-048096-2015
DATE ENTERED: 03/20/15
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                            DEBT: $      150.00
 CREDITOR(S):
      DIV OF YOUTH & FAMILY SERVICES
           ATTORNEY: PRO SE
 DEBTOR(S):
      MICHAEL CHICCINI ,DOB: ███████████
           412 MIDDLESEX ST, GLOUCESTER CITY, NJ 08030
        ATTORNEY: PRO SE
   CALL: DCF REVENUE FINANCIAL REPORTING 609-888-7520
                    ---------------
                *** End of Abstract ***
```

(g).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT: J-175863-2015                    CASE NUMBER: CS  027086  52B
DATE ENTERED: 10/02/15                     DATE OF BIRTH: █████████
ACTION: CHILD SUPPORT
VENUE: GLOUCESTER
  CREDITOR(S):
        DIV OF YOUTH & FAMILY SERVICES ,ORIGINAL DOCKET - FD-08-001348-15
  ATTY FOR CR.: PRO SE
  DEBTOR(S):
        MICHAEL A CHICCINI ,PRO SE
          500 ORBANUS LN, WILLIAMSTOWN, NJ 08094-8506
                       ---------------
   06-09-16 ORDER TO REMOVE GLOUCESTER PROBATION FROM JUDGMENT.
    RECORDED 08-29-16
The debt amount varies from date to date. If you wish to know
the current details, please contact: 1-877-NJ-KIDS1 (1-877-655-4371)
or www.njchildsupport.org
                       *** End of Abstract ***
```

(h).

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT: J-155780-2016                    CASE NUMBER: CS  007435  27B
DATE ENTERED: 09/02/16                     DATE OF BIRTH: █████████
ACTION: CHILD SUPPORT
VENUE: GLOUCESTER
  CREDITOR(S):
         ISABELLA C CHICCINI ,ORIGINAL DOCKET - FD-08-001355-16
  ATTY FOR CR.: PRO SE
  DEBTOR(S):
        MICHAEL A CHICCINI ,PRO SE
          500 ORBANUS LN, WILLIAMSTOWN, NJ 08094-8506
                       ---------------
The debt amount varies from date to date. If you wish to know
the current details, please contact: 1-877-NJ-KIDS1 (1-877-655-4371)
or www.njchildsupport.org
                       *** End of Abstract ***
```

(i).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                           SUPERIOR COURT OF NEW JERSEY                    _____
JUDGMENT NUMBER: DJ-082996-2004
DATE DOCKETED: 04/20/04
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                                       DEBT: $        750.00
 CREDITOR(S):
       DIV OF MOTOR VEHICLES
              ATTORNEY: PRO SE
 DEBTOR(S):
       CHRISTOPH P CHICCINI ,  DRIVERS LICENSE # = ████████████
                    212 KILBURN DR, WILLIAMSTOWN, NJ 08094-2790
              ATTORNEY: PRO SE
                    ---------------
                    *** End of Abstract ***
```

(j).

```
                           SUPERIOR COURT OF NEW JERSEY                 _____
JUDGMENT NUMBER: DJ-117359-2004          CASE NUMBER: DC  005697  02
DATE DOCKETED: 05/13/04          DATE OF JUDGMENT IN S.C.P.: 07/31/02
TYPE OF ACTION: CONTRC-REG
VENUE: CAMDEN
                                               DEBT: $      2,255.59
                                              COSTS: $        103.11
                                                INT: $        142.96
                                               DCKG: $         10.00
 CREDITOR(S):
       ABC BAIL BONDS INC
              ATTORNEY: SCHACHTER & PORTNOY
 DEBTOR(S):
       DARLENE CARTER
                    16 P NORTHGATE I
                       CAMDEN, NJ 08102
       BIANCA MGOGO
           Satisfied 07/22/08
                    1177 LANSDOWNE AV, CAMDEN, NJ 08104
              ATTORNEY: PRO SE
                    ---------------
   07-22-08 WARRANT TO SATISFY JUDGMENT AS TO BIANCA MGOGO ONLY.
                    *** End of Abstract ***
```

(k).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-281475-2005
DATE DOCKETED: 10/25/05
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                              DEBT: $      1,215.00
 CREDITOR(S):
     DIV OF MOTOR VEHICLES
           ATTORNEY: PRO SE
 DEBTOR(S):
     CHRISTOPH P CHICCINI ,  DRIVERS LICENSE # = ███████████
                212 KILBURN DR, WILLIAMSTOWN, NJ 08094-2790
           ATTORNEY: PRO SE
                      ---------------
                *** End of Abstract ***
```

(l).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-104926-2006
DATE DOCKETED: 05/02/06
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                              DEBT: $        350.00
 CREDITOR(S):
     DIV OF MOTOR VEHICLES
           ATTORNEY: PRO SE
 DEBTOR(S):
     CHRISTOPH P CHICCINI ,  DRIVERS LICENSE # = ███████████
                212 KILBURN DR, WILLIAMSTOWN, NJ 08094-2790
           ATTORNEY: PRO SE
                      ---------------
                *** End of Abstract ***
```

(m).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-260648-2006
DATE DOCKETED: 10/03/06
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                              DEBT: $      1,000.00
 CREDITOR(S):
     DIV OF MOTOR VEHICLES
           ATTORNEY: PRO SE
 DEBTOR(S):
     CHRISTOPH P CHICCINI ,  DRIVERS LICENSE # = ███████████
                212 KILBURN DR, WILLIAMSTOWN, NJ 08094-2790
           ATTORNEY: PRO SE
                      ---------------
                *** End of Abstract ***
```

(n).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-269720-2006
DATE DOCKETED: 10/17/06
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                               DEBT: $      2,100.00
 CREDITOR(S):
      DIV OF MOTOR VEHICLES
              ATTORNEY: PRO SE
 DEBTOR(S):
      DARLENE S CARTER ,  DRIVERS LICENSE # =███████████
                 448 TRENTON AV, CAMDEN, NJ 08103-1536
              ATTORNEY: PRO SE
                 ---------------
                *** End of Abstract ***
```

(o).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-109403-2007
DATE DOCKETED: 05/01/07
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                               DEBT: $       500.00
 CREDITOR(S):
      DIV OF MOTOR VEHICLES
              ATTORNEY: PRO SE
 DEBTOR(S):
      DARLENE S CARTER ,  DRIVERS LICENSE # =███████████
                 448 TRENTON AV, CAMDEN, NJ 08103-1536
              ATTORNEY: PRO SE
                 ---------------
                *** End of Abstract ***
```

(p).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-117431-2007
DATE DOCKETED: 05/08/07
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                               DEBT: $       100.00
 CREDITOR(S):
      DIV OF MOTOR VEHICLES
              ATTORNEY: PRO SE
 DEBTOR(S):
      CHRISTOPH P CHICCINI ,  DRIVERS LICENSE # =███████████
                 212 KILBURN DR, WILLIAMSTOWN, NJ 08094-2790
              ATTORNEY: PRO SE
                 ---------------
          CHRISTOPHER P CHICCINI ADDED TO OUR INDEX.
                *** End of Abstract ***
```

(q).

```
                       SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-195043-2007
DATE DOCKETED: 07/11/07
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                          DEBT: $      3,263.00
                                          W/ INT FROM: 10/28/06

 CREDITOR(S):
      STATE OF NEW JERSEY
 DEBTOR(S):
      DARLENE CARTER , SSN#:XXX████████████
                       APT C3
                       4818 COMLY ST, PHILADELPHIA, PA 19135
                       ---------------
   DEBT CERTIFIED TO SUPERIOR COURT CLERK BY DEPARTMENT
   OF LABOR, WORKFORCE NEW JERSEY-INCOME SUPPORT
                       *** End of Abstract ***
```

(r).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                       SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-235963-2008
DATE DOCKETED: 09/30/08
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                          DEBT: $      1,000.00

 CREDITOR(S):
      MOTOR VEHICLE COMMISSION ,DMV AUTOMATED SURCHARGE
            ATTORNEY: PRO SE
 DEBTOR(S):
      CHRISTOPH P CHICCINI ,  DRIVERS LICENSE # =████████████████
                       212 KILBURN DR, WILLIAMSTOWN, NJ 08094-2790
            ATTORNEY: PRO SE
                       ---------------
                       *** End of Abstract ***
```

(s).

**State of new Jersey is made a party defendant by virtue of the following judgment.**

```
                       SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-246852-2009
DATE DOCKETED: 10/14/09
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                          DEBT: $        400.00

 CREDITOR(S):
      MOTOR VEHICLE COMMISSION ,DMV AUTOMATED SURCHARGE
            ATTORNEY: PRO SE
 DEBTOR(S):
      MICHAEL A CHICCINI ,  DRIVERS LICENSE # =████████████████
                       212 KILBURN DR, WILLIAMSTOWN, NJ 08094-2790
            ATTORNEY: PRO SE
                       ---------------
                       *** End of Abstract ***
```

(t).

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-305765-2010           CASE NUMBER: SC  003541  09
DATE DOCKETED: 11/30/10        DATE OF JUDGMENT IN S.C.P.: 04/29/10
TYPE OF ACTION: CONTRC-SCL
VENUE: CAMDEN
                                           DEBT: $        819.77
                                          COSTS: $         22.00
                                            INT: $          3.00
                                           DCKG: $         10.00
 CREDITOR(S):
      ATLANTIC CITY ELECTRIC
             ATTORNEY: SKLAR MARKIND
                       102 BROWNING LN
                       CHERRY HILL NJ 08003
                       856-616-8710
 DEBTOR(S):
      MICHAEL CHICCINI
                 212 KILBURNE AV, WILLIAMSTOWN, NJ 08094
             ATTORNEY: PRO SE
                       ---------------
                 *** End of Abstract ***
```

(u).

**Joseph J. Hoffman, Jr., PA is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-020571-2011           CASE NUMBER: DC  002118  10
DATE DOCKETED: 01/17/11        DATE OF JUDGMENT IN S.C.P.: 05/03/10
TYPE OF ACTION: CONTRC-REG
VENUE: GLOUCESTER
                                           DEBT: $        115.00
                                          COSTS: $         44.75
                                           DCKG: $         10.00
 CREDITOR(S):
      CHERYL A GREEN
             ATTORNEY: HOFFMAN DIMUZIO
      JOSEPH J HOFFMAN JR PA ,ASSIGNEE
                 PO BOX 285
                    FRANKLIN, NJ 08322
 DEBTOR(S):
      CHRISTOPH CHICCINI
                 212 KILBURN DR, WILLIAMSTOWN, NJ 08094
             ATTORNEY: PRO SE
                       ---------------
  02-07-11 ASSIGNED TO JOSEPH J HOFFMAN JR PA.  RECORDED 05-25-11
             CHRISTOPHER CHICCINI ADDED TO OUR INDEX.
                 *** End of Abstract ***
```

(v).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                         SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-050383-2011
DATE DOCKETED: 02/15/11
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                             DEBT: $        500.00
 CREDITOR(S):
      MOTOR VEHICLE COMMISSION ,DMV AUTOMATED SURCHARGE
            ATTORNEY: PRO SE
 DEBTOR(S):
      MICHAEL A CHICCINI ,  DRIVERS LICENSE # = ███████████████████
                  612 TARA DR, SICKLERVILLE, NJ 08081-2731
            ATTORNEY: PRO SE
                  ---------------
                *** End of Abstract ***
```

(w).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                                             ____
                         SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-314142-2011
DATE DOCKETED: 11/15/11
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                             DEBT: $        750.00
 CREDITOR(S):
      MOTOR VEHICLE COMMISSION ,DMV AUTOMATED SURCHARGE
            ATTORNEY: PRO SE
 DEBTOR(S):
      MICHAEL A CHICCINI ,  DRIVERS LICENSE # = ████████████████████
                  212 KILBURN DR, WILLIAMSTOWN, NJ 08094-2790
            ATTORNEY: PRO SE
                  ---------------
                *** End of Abstract ***
```

(x).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                                             ____
                         SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-079587-2012
DATE DOCKETED: 04/17/12
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                             DEBT: $        250.00
 CREDITOR(S):
      MOTOR VEHICLE COMMISSION ,DMV AUTOMATED SURCHARGE
            ATTORNEY: PRO SE
 DEBTOR(S):
      MICHAEL A CHICCINI ,  DRIVERS LICENSE # = ████████████████████
                  212 KILBURN DR, WILLIAMSTOWN, NJ 08094-2790
            ATTORNEY: PRO SE
                  ---------------
                *** End of Abstract ***
```

(y).

**New Jersey Property Liability Insurance Guaranty Association is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY            _____
JUDGMENT NUMBER: DJ-149991-2012              CASE NUMBER: DC  007205  10
DATE DOCKETED: 07/18/12         DATE OF JUDGMENT IN S.C.P.: 05/16/12
TYPE OF ACTION: TORT AUTO
VENUE: GLOUCESTER
                                              DEBT: $      9,538.96
                                             COSTS: $        262.78
                                               INT: $         22.55
                                              DCKG: $         10.00
 CREDITOR(S):
      ATLANTIC CITY ELECTRIC
                   P.O. BOX 597
                     MAYS LANDING, NJ 08330
            ATTORNEY: YOUNGBLOOD LAFFERTY & SAMPOLI
                      1201 NEW RD, SUITE 230
                        LINWOOD NJ 08221
      NEW JERSEY PROPERTY LIABILITY GUARANTY ASSOCIATION ,ASSIGNEE
                 222 MOUNT AIRY RD, BASKING RIDGE, NJ 07920
 DEBTOR(S):
      MICHAEL CHICCINI
                 212 KILBURN DR, WILLIAMSTOWN, NJ 08094
             ATTORNEY: PRO SE
                       ---------------
   08-01-12 JUDGMENT ASSIGNED TO: NEW JERSEY PROPERTY LIABILITY INSURANCE
   GUARANTY ASSOCIATION.  RECORDED 10-17-12
                      *** End of Abstract ***
```

(z).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY            _____
JUDGMENT NUMBER: DJ-207347-2012
DATE DOCKETED: 09/25/12
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                              DEBT: $      1,000.00
 CREDITOR(S):
      MOTOR VEHICLE COMMISSION ,DMV AUTOMATED SURCHARGE
            ATTORNEY: PRO SE
 DEBTOR(S):
      MICHAEL A CHICCINI ,  DRIVERS LICENSE # = ███████████████
                 212 KILBURN DR, WILLIAMSTOWN, NJ 08094-2790
             ATTORNEY: PRO SE
                       ---------------
                      *** End of Abstract ***
```

(aa).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                          SUPERIOR COURT OF NEW JERSEY                    ____
JUDGMENT NUMBER: DJ-065186-2013
DATE DOCKETED: 04/02/13
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                                      DEBT: $        250.00
  CREDITOR(S):
      MOTOR VEHICLE COMMISSION ,DMV AUTOMATED SURCHARGE
            ATTORNEY: PRO SE
  DEBTOR(S):
      CHRISTOPH P CHICCINI ,DRIVERS LICENSE # = ███████████████████
                  212 KILBURN DR, WILLIAMSTOWN, NJ 08094-2790
            ATTORNEY: PRO SE
                  ---------------
            CHRISTOPHER P CHICCINI ADDED TO OUR INDEX.
                  *** End of Abstract ***
```

(bb).

```
                          SUPERIOR COURT OF NEW JERSEY                    ____
JUDGMENT NUMBER: DJ-166550-2013
DATE DOCKETED: 08/27/13
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                                      DEBT: $        250.00
  CREDITOR(S):
      MOTOR VEHICLE COMMISSION ,DMV AUTOMATED SURCHARGE
            ATTORNEY: PRO SE
  DEBTOR(S):
      DARLENE S CARTER ,  DRIVERS LICENSE # = ███████████████████
                  8361 10TH WAY LN, ST PETERSBURG, FL 33702
            ATTORNEY: PRO SE
                  ---------------
                  *** End of Abstract ***
```

(cc).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                          SUPERIOR COURT OF NEW JERSEY                    ____
JUDGMENT NUMBER: DJ-192711-2013
DATE DOCKETED: 09/24/13
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                                      DEBT: $        500.00
  CREDITOR(S):
      MOTOR VEHICLE COMMISSION ,DMV AUTOMATED SURCHARGE
            ATTORNEY: PRO SE
  DEBTOR(S):
      MICHAEL A CHICCINI ,  DRIVERS LICENSE # = ███████████████████
                  212 KILBURN DR, WILLIAMSTOWN, NJ 08094-2790
            ATTORNEY: PRO SE
                  ---------------
                  *** End of Abstract ***
```

(dd).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-059625-2014
DATE DOCKETED: 04/01/14
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                                    DEBT: $        250.00
  CREDITOR(S):
        MOTOR VEHICLE COMMISSION ,DMV AUTOMATED SURCHARGE
                ATTORNEY: PRO SE
  DEBTOR(S):
        CHRISTOPH P CHICCINI ,  DRIVERS LICENSE # = ███████████████████
                        212 KILBURN DR, WILLIAMSTOWN, NJ 08094-2790
                ATTORNEY: PRO SE
                        ---------------
                        *** End of Abstract ***
```

(ee).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-157763-2014
DATE DOCKETED: 08/26/14
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                                    DEBT: $        250.00
  CREDITOR(S):
        MOTOR VEHICLE COMMISSION ,DMV AUTOMATED SURCHARGE
                ATTORNEY: PRO SE
  DEBTOR(S):
        DARLENE S CARTER ,  DRIVERS LICENSE # = ███████████████████
                APT F4,
                   2011 FERRY AV, CAMDEN, NJ 08104-1943
                ATTORNEY: PRO SE
                        ---------------
                        *** End of Abstract ***
```

(ff).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-144858-2015
DATE DOCKETED: 08/25/15
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                                    DEBT: $        250.00
  CREDITOR(S):
        MOTOR VEHICLE COMMISSION ,DMV AUTOMATED SURCHARGE
                ATTORNEY: PRO SE
  DEBTOR(S):
        DARLENE S CARTER ,  DRIVERS LICENSE # = ███████████████████
                APT F4,
                   2011 FERRY AV, CAMDEN, NJ 08104-1943
                ATTORNEY: PRO SE
                        ---------------
                        *** End of Abstract ***
```

(gg).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                          SUPERIOR COURT OF NEW JERSEY           ____
JUDGMENT NUMBER: DJ-016610-2017
DATE DOCKETED: 01/31/17
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                              DEBT: $        500.00
 CREDITOR(S):
      MOTOR VEHICLE COMMISSION ,DMV AUTOMATED SURCHARGE
             ATTORNEY: PRO SE
 DEBTOR(S):
      MICHAEL A CHICCINI ,  DRIVERS LICENSE # = ███████████████
                  212 KILBURN DR, WILLIAMSTOWN, NJ 08094-2790
             ATTORNEY: PRO SE
                  ---------------
                  *** End of Abstract ***
```

(hh).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                          SUPERIOR COURT OF NEW JERSEY           ____
JUDGMENT NUMBER: DJ-029391-2018
DATE DOCKETED: 02/21/18
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                              DEBT: $        500.00
 CREDITOR(S):
      MOTOR VEHICLE COMMISSION ,DMV AUTOMATED SURCHARGE
             ATTORNEY: PRO SE
 DEBTOR(S):
      MICHAEL A CHICCINI ,  DRIVERS LICENSE # = ███████████████
                  212 KILBURN DR, WILLIAMSTOWN, NJ 08094-2790
             ATTORNEY: PRO SE
                  ---------------
                  *** End of Abstract ***
```

(ii).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                          SUPERIOR COURT OF NEW JERSEY           ____
JUDGMENT NUMBER: PD-135776-2009
DATE ENTERED: 06/11/09
LIEN FOR LEGAL SERVICES
VENUE: MERCER
                                              DEBT: $         65.00
 CREDITOR: OFFICE OF THE PUBLIC DEFENDER
 DEBTOR(S):
      DARLENE CARTER , DOB: ███████████
             2265 KENNEDY ST, PHILADELPHIA, PA 19135
          ATTORNEY: PRO SE
                  ---------------
                  *** End of Abstract ***
```

(jj).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY          ____
JUDGMENT NUMBER: PD-202099-2015
DATE ENTERED: 11/05/15
LIEN FOR LEGAL SERVICES
VENUE: MERCER
                                              DEBT: $       150.00
  CREDITOR: OFFICE OF THE PUBLIC DEFENDER
  DEBTOR(S):
       MICHAEL A CHICCINI , DOB: ███████████
            212 KILBURN AV, WILLIAMSTOWN, NJ 08094
         ATTORNEY: PRO SE
                        ---------------
                   *** End of Abstract ***
```

(kk).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: PD-042792-2016
DATE ENTERED: 03/08/16
LIEN FOR LEGAL SERVICES
VENUE: MERCER
                                              DEBT: $       500.00
  CREDITOR: OFFICE OF THE PUBLIC DEFENDER
  DEBTOR(S):
       MICHAEL CHICCINI , DOB: ███████████
            212 KILBURN DR, WILLIAMSTOWN, NJ 08094
         ATTORNEY: PRO SE
                        ---------------
                   *** End of Abstract ***
```

(ll).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: PD-143164-2018
DATE ENTERED: 08/25/18
LIEN FOR LEGAL SERVICES
VENUE: MERCER
                                              DEBT: $       250.00
  CREDITOR: OFFICE OF THE PUBLIC DEFENDER
  DEBTOR(S):
       MICHAEL A CHICCINI , DOB: ███████████
            1000 S BROAD ST, TRENTON, NJ 08611
         ATTORNEY: PRO SE
                        ---------------
                   *** End of Abstract ***
```

(mm).

**State of New Jersey is made a party defendant by virtue of the following judgment.**

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: PD-144577-2018
DATE ENTERED: 08/25/18
LIEN FOR LEGAL SERVICES
VENUE: MERCER
                                        DEBT: $       150.00
  CREDITOR: OFFICE OF THE PUBLIC DEFENDER
  DEBTOR(S):
      MICHAEL A CHICCINI ,█████████████████
           1000 S BROAD ST, TRENTON, NJ 08611
        ATTORNEY: PRO SE
                        ---------------
                     *** End of Abstract ***
```

## JURISDICTION AND VENUE

5.      Jurisdiction is based on 28 U.S.C. §1345, which provides that the district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States, or by any agency or officer, and upon 12 U.S.C. 1715 *et seq*.

6.      Venue is proper in this district under 28 U.S.C. §1391 and §1396 as the transaction which is the subject matter of this Complaint took place entirely in this district, and the real estate which is the subject of this transaction is located in this district.

## FACTS

7.      The mortgagor, ANTHONY N. CHICCINI, prior to the execution of the note and mortgage, was duly advised and counseled regarding the United States Home Equity Conversion Mortgage (HECM) loan program, which program is regulated and set forth in 24 CFR Part 206, *et seq*. and all subsequent handbooks (4330.1 REV-5), mortgage letters, etc. as set forth by the Secretary of the Department of Housing and Urban Development.  The purpose of this program is set forth in 24 CFR 206.1, and as "set out in section 255(a) of the National Housing Act, Public Law 73-479, 48 STAT. 1246 (12 U.S.C. 1715z-20)"; being further regulated by Handbook 4330.01 Rev. 5 and all subsequent mortgage letters as issued and set forth by the Secretary of the Department of Housing and Urban Development.

8.      On or about April 25, 2005, ANTHONY N. CHICCINI executed and delivered to WELLS FARGO BANK, N.A., a Home Equity Conversion Adjustable Rate Note, attached hereto as **Exhibit A**, incorporated herein and made a part hereof as if fully written herein.  (Note). Under paragraph 2, of the Note, titled: **Borrower(s) Promise to Pay: Interest**, the mortgagor, Anthony N. Chiccini, agreed to the following, to wit:

> In return for amounts to be advanced by Lender to a maximum principal amount of $255,000.00, to or for the benefit of Borrower under the terms of a Home Equity Conversion Loan Agreement dated April 25, 2005 (Loan Agreement), Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest. Interest will be charged on unpaid principal at the rate of Four and 820/1000 percent (4.8200%) per year until the full amount of principal has been paid.   The interest rate may change in accordance with Paragraph 5 of this Note.  Accrued interest shall be added to the principal balance as a Loan Advance at the end of each month.

9.      Simultaneously with the execution and delivery of the Note, and in order to secure the payment of said Note, the mortgagor, ANTHONY N. CHICCINI executed and delivered to WELLS FARGO BANK, N.A., a Home Equity Conversion Mortgage, a copy of which is attached hereto as **Exhibit B**, incorporated herein and made a part hereof as if fully written herein (Mortgage).  Said Mortgage was duly recorded on May 10, 2005 in Book 8600, at Page 248, GLOUCESTER County Clerk's/Register's Office, New Jersey.  Said real estate is within the jurisdictional limits of the Court.  Said mortgage was not a purchase money mortgage.

10.     The mortgaged premises are described as follows:

> All that certain tract or parcel of land and premises situate in the Township of MONROE, County of GLOUCESTER and State of New Jersey being more particularly described as follows:

> See attached **Exhibit C**.

> Tax Lot 8, Block 3502, commonly known as 212 Kilburn Avenue, Township of Monroe, NJ 08094, with a mailing address of 212 Kilburn Avenue, Williamstown, NJ 08094.

> The legal description contained in Exhibit C attached hereto is the same legal description contained in the recorded mortgage referenced in Paragraph 9, above.

11.     On June 24, 2010 by assignment bearing that date, WELLS FARGO BANK, N.A. assigned said Note and Mortgage to THE SECRETARY OF HOUSING AND URBAN DEVELMENT which Assignment was recorded in the Clerk/Register's Office of GLOUCESTER County, New Jersey on September 13, 2010 in Book AB179 of Assignments of Mortgage for said County at Page 165.  See **Exhibit D**.

12.     The mortgagor ANTHONY N. CHICCINI, was deemed deceased on February 11, 2013.

13.     The Mortgage provide, at paragraph 9, titled **Grounds for Acceleration of Debt**, "(a) Due and Payable.  Lender may require immediate payment in full of all sums secured by this Security Instrument if: (i) a Borrower dies and the Property is not the principal residence of at least one surviving Borrower".   ANTHONY N. CHICCINI was the only borrower on the Note and Mortgage.

14.     Demand for payment of all sums due under the Note and Mortgage was made, and payment has not been paid.

15.     The Defendant(s), Anthony D. Chiccini is indebted to the United States of America on behalf of the Secretary of Housing and Urban Development and there remains due the following sums to the Plaintiff.  (See Statement of Account, attached hereto as **Exhibit E**, incorporated herein and made a part hereof as if fully written herein.)

| | | |
|---|---|---|
| (a) | Unpaid Principal | $159,698.67 |
| (b) | Interest accrued in accordance with Adjustable rate note/mortgage: at the annual rate of 3.810% per annum | $ 64,624.88 |
| (c) | MIP Advances for tax payments and insurance Set forth in 24 CFR 206.27 & 206.103 *et seq.* and HUD Handbook 4330.1 (13-14) | $ 15,170.48 |

(d)      Service Fee
         set forth in HUD Handbook 4330.1 (13-15)

                                                          $    4,800.00

         Total (as of July 10, 2018)                      $244,294.03

16.      Said Note and Mortgage contained an agreement that if any of the installments of taxes, assessments, water rents, charges, impositions or liens, levied upon the premises should remain in default, the mortgagee may pay the same, and such amount paid shall be a lien on said lands, added to the amount of the mortgage debt and secured by this mortgage.

17.      During the course of this action, the plaintiff may be obligated to make advances for the payment of taxes, insurance premiums, and necessary expenses and curative payments to preserve the security, and such sums advanced under the terms of the Note, together with interest, are to be added to the amount due on the mortgage debt and secured by the plaintiff's mortgage.

18.      On February 11, 2013, default occurred. The entire principal and interest, insurance and taxes and other charges became due and payable on plaintiff's mortgage and has not been paid.  Plaintiff has elected that the whole of the unpaid principal and interest shall now be due.

19.      The following instruments or liens of record in the Office of the Clerk/Register of GLOUCESTER County, New Jersey which affect or may affect the premises described herein all of which instruments or liens are subordinate to the lien of the mortgage set forth above.

19(a).   Home Equity Conversion Second Mortgage from ANTHONY N. CHICCINI to the SECRETARY OF HOUSING AND URBAN DEVELOPMENT, dated April 25, 2005, recorded December 22, 2005, in Mortgage Book 9316, Page 9 in the maximum principal amount of $255,000.00.  Plaintiff is also the holder of the Home Equity Conversion Second Mortgage,

however, plaintiff wishes to report the lien only and does not wish to foreclose this mortgage at this time, attached hereto as **Exhibit F.**

20.     Any interest or lien which any of the defendants herein has or claims to have in or upon the said mortgaged premises or some part thereof is subject to the lien of plaintiff's mortgage.

**COUNT ONE**

**Foreclosure on the Mortgaged Premises**

21.     Plaintiff repeats the allegations contained in Paragraphs 1 through 20 of the Complaint and makes same as part hereof as if repeated at length.

22.     As a result of ANTHONY N. CHICCINI default under the mortgage, Plaintiff is entitled to immediate payment of the entire unpaid balance due and owing under the loan documents, with interest accruing on such at the rate provided for under the mortgage, together with reasonable attorneys' fees and other charges as provided for under the mortgage.

WHEREFORE, plaintiff prays for judgment as follows:

(a)     Fixing the amount due on its mortgage.

(b)     Barring and foreclosing the defendants and each of them of all equity of redemption in and to said lands.

(c)     Directing that the plaintiff be paid the amount due on its mortgage with interest and costs.

(d)     Adjudging that said lands be sold according to law to satisfy the amount due plaintiff.

(e)     Appointing a receiver of rents, issues and profits of said lands.

(f)     Such other and further relief as the Court deems just and equitable.

**SECOND COUNT**

**Possession of Mortgaged Premises**

23.     Plaintiff repeats any and all allegations of Paragraphs 1 through 22 of the Complaint and makes same a part hereof as if repeated at length.

24.     By reason of the default in the terms of the mortgage referred to in the First Count of the Complaint, and by reason of the terms of the mortgage, plaintiff is entitled to possession of the premises described herein.

25.     Defendant(s), ANTHONY N. CHICCINI, HIS HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES, AND HIS, HER, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST; KATHLEEN CHICCINI; MR. CHICCINI, HUSBAND OF KATHLEEN CHICCINI; DARLENE CARTER; MR. CARTER, HUSBAND OF DARLENE CARTER; TONY CHICCINI; MRS. TONY CHICCINI, HIS WIFE; DENISE CHICCINI; MR. CHICCINI, HUSBAND OF DENISE CHICCINI; MICHAEL CHICINNI; MRS. MICHAEL CHICINNI, HIS WIFE; CHRISTOPHER CHICCINI; MRS. CHRISTOPHER CHICCINI, HIS WIFE; ANDREW CHICCINI; MRS. ANDREW CHICCINI, HIS WIFE, and/or its tenants or assigns, are now in possession of the premises described herein and have at all times deprived plaintiff of possession of said premises.

WHEREFORE, plaintiff prays for judgment as follows:

(a)     That plaintiff or the purchaser at the foreclosure sale recovers possession of the mortgaged premises against said defendants or anyone holding under them.

(b)     Damages for mesne profits.

(c)     Costs.

(d)     Such other and further relief as the Court deems just and equitable.

## DESIGNATION OF TRIAL COUNSEL

Frank J. Martone, Esq. and Dennis P. Uhlmann, Jr., Esq. are hereby designated as trial counsels for the Plaintiff, UNITED STATES OF AMERICA.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

The undersigned attorney certifies that there are no other actions pending or contemplated at this time related to the subject matter of this action.

## CERTIFICATION PURSUANT TO NEW JERSEY COURT R. 4:5-1 AND R. 4:64-1

In accordance with Rule 4:5-1, I hereby certify that the matter in controversy is not the subject of any action pending arbitration proceeding.  There is no other action or arbitration proceeding contemplated, nor is there any other party who should be joined in this action.

In accordance with Rule 4:64-1(a), I hereby further certify that a title search of the public record has been received and reviewed for the purpose of identifying any lien holders and/or other person and entities with an interest in the property that is subject to foreclosure.  The effective date of the title search is August 9, 2018.

## CERTIFICATION OF DILIGENT INQUIRY TO BE ANNEXED TO RESIDENTIAL MORTGAGE FORECLOSURE COMPLAINTS PURSUANT TO NEW JERSEY COURT RULE 1:5-6(c)(1)(E) AND RULES 4:64-1(a)(2) and (3)

Frank J. Martone, Esq., of full age, hereby certifies and says:

1.     I communicated by e-mail with the following named employee(s) of THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, who stated that he/she personally reviewed the documents submitted to the Court and that he/she confirmed their accuracy.

2.     The name, title and responsibilities of the plaintiff's employee(s) with whom I communicated are: GAYLENE FOX, PARALEGAL SPECIALIST, OFFICE OF COUNSEL, DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; OVERSEE FORECLOSURE FILES.

3.      Based on my communication with the above-named employee(s) of plaintiff, as well as my own inspection of the loan information supplied by plaintiff and other diligent inquiry, I execute this certification to comply with the requirements of Rule 1:4-8(a), 1:5-6(c)(1)(E), and 4:64-1(a)(2) and (3).

4.      I am aware that I have continuing obligation under Rule 1:4-8 to amend this certification if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support for any factual assertions proffered by plaintiff in any court filings or documents in this case.

Respectfully submitted this  2nd  day of November  , 20 18

By:      _____
Frank J. Martone, Esq.
Attorney for Plaintiff
Frank J. Martone, P.C.
1455 Broad Street
Bloomfield, NJ 07003
973-473-3000
973-473-3243 – Fax
firm@martonelaw.com

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

### DEFENDANTS
Anthony N. Chiccini, his heirs, devisees and personal representatives, and his, her, their or any of their successors in right, title and interest, et als

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant　Gloucester
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:　IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
FRANK J. MARTON, P.C. - 973-473-3000
Frank J. Martone, Esq.
1455 Broad Street, Bloomfield, NJ 07003

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1　U.S. Government
　　　Plaintiff

☐ 3　Federal Question
　　　*(U.S. Government Not a Party)*

☐ 2　U.S. Government
　　　Defendant

☐ 4　Diversity
　　　*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*　　　　　　　　　　　　　*and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | | ☐ 896 Arbitration |
| ☒ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1　Original
　　　Proceeding

☐ 2　Removed from
　　　State Court

☐ 3　Remanded from
　　　Appellate Court

☐ 4　Reinstated or
　　　Reopened

☐ 5　Transferred from
　　　Another District
　　　*(specify)*

☐ 6　Multidistrict
　　　Litigation -
　　　Transfer

☐ 8　Multidistrict
　　　Litigation -
　　　Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. SEC. 1345 UNITED STATES OF AMERICA AS PLAINTIFF
Brief description of cause:
TO FORECLOSE A REVERSE MORTGAGE

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:　☐ Yes　☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____　DOCKET NUMBER _____

DATE　11/2/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #　_____　AMOUNT _____　APPLYING IFP _____　JUDGE _____　MAG. JUDGE _____

# EXHIBIT A

# ADJUSTABLE RATE NOTE
# (HOME EQUITY CONVERSION)

FHA Case No. ▮▮▮▮▮▮▮

APRIL 25                    , 2005

212 KILBURN AVENUE, WILLIAMSTOWN, NEW JERSEY 08094
[Property Address]

## 1. DEFINITIONS
"Borrower" means each person signing at the end of this Note. "Lender" means
WELLS FARGO BANK, N. A.

and its successors and assigns. "Secretary" means the Secretary of Housing and Urban Development or his or her authorized representatives.

## 2. BORROWER'S PROMISE TO PAY; INTEREST
In return for amounts to be advanced by Lender up to a maximum principal amount of $   255,000.00                 , to or for the benefit of Borrower under the terms of a Home Equity Conversion Loan Agreement dated  APRIL 25, 2005                     ("Loan Agreement"), Borrower promises to pay to the order of Lender a principal amount equal to the sum of all Loan Advances made under the Loan Agreement with interest. Interest will be charged on unpaid principal at the rate of FOUR AND 820/1000 percent (      4.8200 %) per year until the full amount of principal has been paid. The interest rate may change in accordance with Paragraph 5 of this Note. Accrued interest shall be added to the principal balance as a Loan Advance at the end of each month.

## 3. PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT
### (A) Time
Borrower shall pay all outstanding principal and accrued interest to Lender upon receipt of a notice by Lender requiring immediate payment in full, as provided in Paragraph 7 of this Note.
### (B) Place
Payment shall be made at
WELLS FARGO BANK, N. A.,
P. O. BOX 26901,
GREENSBORO, NORTH CAROLINA 27419-6901
1-800-472-3209                                                    , or any such other place as Lender may designate in writing by notice to Borrower.
### (C) Limitation of Liability
Borrower shall have no personal liability for payment of the debt. Lender shall enforce the debt only through sale of the Property covered by the Security Instrument ("Property"). If this Note is assigned to the Secretary, the Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

## 5. INTEREST RATE CHANGES
### (A) Change Date
The interest rate may change on the first day of  JULY, 2005                     , and on ☐ that day of each succeeding year ☒ the first day of each succeeding month. "Change Date" means each date on which the interest rate could change.
### (B) The Index
Beginning with the first Change Date, the interest rate will be based on an Index. "Index" means the weekly average yield on United States Treasury Securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board. "Current Index" means the most recent Index figure available 30 days before the Change Date. If the Index (as defined above) is no longer available, Lender will use as a new Index any index prescribed by the Secretary. Lender will give Borrower notice of the new Index.
### (C) Calculation of Interest Rate Changes
Before each Change Date, Lender will calculate a new interest rate by adding a margin of   ONE AND 500/1000 percentage points (      1.50000 %) to the Current Index. Subject to the limits stated in Paragraph 5(D) of this Note, this amount will be the new interest rate until the next Change Date.
### (D) Limits on Interest Rate Changes
☐ The interest rate will never increase or decrease by more than two percentage points (2.0%) on any single Change Date. The interest rate will never be more than five percentage points (5.0%) higher or lower than the initial interest rate stated in Paragraph 2 of this Note.
☒ The interest rate will never increase above    FOURTEEN AND 820/1000          percent (   14.82000 %).
### (E) Notice of Changes
Lender will give notice to Borrower of any change in the interest rate. The notice must be given at least 25 days before the new interest rate takes effect, and must set forth (i) the date of the notice, (ii) the Change Date, (iii) the old interest rate, (iv) the new interest rate, (v) the Current Index and the date it was published, (vi) the method of calculating the adjusted interest rate, and (vii) any other information which may be required by law from time to time.

**(F) Effective Date of Changes**

A new interest rate calculated in accordance with paragraphs 5(C) and 5(D) of this Note will become effective on the Change Date, unless the Change Date occurs less than 25 days after Lender has given the required notice. If the interest rate calculated in accordance with Paragraphs 5(C) and 5(D) of this Note decreased, but Lender failed to give timely notice of the decrease and applied a higher rate than the rate which should have been stated in a timely notice, then Lender shall recalculate the principal balance owed under this Note so it does not reflect any excessive interest.

## 6. BORROWER'S RIGHT TO PREPAY

A Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. Any amount of debt prepaid will first be applied to reduce the principal balance of the Second Note described in Paragraph 11 of this Note and then to reduce the principal balance of this Note.

All prepayments of the principal balance shall be applied by Lender as follows:

First, to that portion of the principal balance representing aggregate payments for mortgage insurance premiums;

Second, to that portion of the principal balance representing aggregate payments for servicing fees;

Third, to that portion of the principal balance representing accrued interest due under the Note; and

Fourth, to the remaining portion of the principal balance. A Borrower may specify whether a prepayment is to be credited to that portion of the principal balance representing monthly payments or the line of credit. If Borrower does not designate which portion of the principal balance is to be prepaid, Lender shall apply any partial prepayments to an existing line of credit or create a new line of credit.

## 7. IMMEDIATE PAYMENT IN FULL

**(A) Death or Sale**

Lender may require immediate payment in full of all outstanding principal and accrued interest if:

(i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower, or

(ii) All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower or retains a life estate (or retaining a beneficial interest in a trust with such an interest in the Property).

**(B) Other Grounds**

Lender may require immediate payment in full of all outstanding principal and accrued interest, upon approval by an authorized representative of the Secretary, if:

(i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower;

(ii) For a period of longer than 12 consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

(iii) An obligation of the Borrower under the Security Instrument is not performed.

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full as described above, the debt enforced through sale of the Property may include costs and expenses, including reasonable and customary attorneys' fees, associated with enforcement of this Note to the extent not prohibited by applicable law.

**(D) Trusts**

Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph.

## 8. WAIVERS

Borrower waives the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 9. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the Property Address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 10. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note only through sale of the Property.

## 11. RELATIONSHIP TO SECOND NOTE

**(A) Second Note**

Because Borrower will be required to repay amounts which the Secretary may make to or on behalf of Borrower pursuant to Section 255(I)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to grant a Second Note to the Secretary.

**(B) Relationship of Secretary Payments to this Note**

Payments made by the Secretary shall not be included in the debt due under this Note unless:

(i) This Note is assigned to the Secretary; or

(ii) The Secretary accepts reimbursements by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, shall be included in the debt.

**(C) Effect on Borrower**

Where there is no assignment or reimbursement as described in (B)(i) or (ii), and the Secretary makes payments to Borrower, then Borrower shall not:

(i) Be required to pay amounts owed under this Note until the Secretary has required payment in full of all outstanding principal and accrued interest under the Second Note held by the Secretary, notwithstanding anything to the contrary in Paragraph 7 of this Note; or

(ii) Be obligated to pay interest or shared appreciation under this Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance of this Note, notwithstanding anything to the contrary in Paragraphs 2 or 5 of this Note or any Allonge to this Note.

**12. SHARED APPRECIATION**

If Borrower has executed a Shared Appreciation Allonge, the covenants of the Allonge shall be incorporated into and supplement the covenants of this Note as if the Allonge were a part of this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.


_Anthony N. Chiccini_ _____ (Seal)
ANTHONY N. CHICCINI                                    -Borrower


_____ (Seal)
                                                      -Borrower


_____ (Seal)
                                                      -Borrower


_____ (Seal)
                                                      -Borrower


WITHOUT RECOURSE
PAY TO THE ORDER OF

WELLS FARGO BANK, N.A.

BY _Brian M. Mills_
Brian M. Mills, Vice President

# EXHIBIT B

DOCKET# 30911          Type: MTG
                       PAGES: ~~15~~
JAMES N. HOGAN                     19
GLOUCESTER COUNTY CLERK
RECEIPT#: 22937        02:04:57 P.M.
05/10/2005
MB 8600      248

## GLOUCESTER COUNTY RECORDING DATA PAGE

**PLEASE DO NOT DETACH THIS PAGE FROM THE ORIGINAL
DOCUMENT AS IT CONTAINS IMPORTANT INFORMATION AND
IS PART OF THE PERMANENT RECORD.**

*200. Charge*

**RECORD & RETURN TO:** *Trident Land Transf CNJ
1409 N Kings Hwy
Cherry Hill NJ 08034*

## GLOUCESTER COUNTY RECORDING DATA PAGE
### JAMES N. HOGAN, COUNTY CLERK

DOCKET# 30911    MB 8600 P 249

RECORD AND RETURN TO:
WELLS FARGO BANK, N. A.
3601 MINNESOTA DRIVE, MAC: X4701-022
BLOOMINGTON, MN 55435

J# 56925
CHARGE, RECORD RETURN
TRIDENT LAND TRANSFER CO. NJ
1400 N. KINGS HIGHWAY
CHERRY HILL, NJ 08034

State of New Jersey

FHA Case No.

[Space Above This Line For Recording Data]

# ADJUSTABLE RATE
# HOME EQUITY CONVERSION MORTGAGE

THIS MORTGAGE ("Security Instrument") is given on APRIL 25, 2005 . The mortgagor is
ANTHONY N. CHICCINI

whose address is   212 KILBURN AVENUE,
WILLIAMSTOWN, NEW JERSEY 08094                                      ("Borrower").
This Security Instrument is given to
WELLS FARGO BANK, N. A.

, which is

orgenized and existing under the laws of   THE UNITED STATES OF AMERICA
and whose principal office and mailing address is
P.O. BOX 10304, DES MOINES, IOWA 50306-0304

("Lender"). Borrower has agreed to repay to Lender
amounts which Lender is obligated to advance, including future advances, under the terms of a Home Equity
Conversion Loan Agreement dated the same date as this Security Instrument ("Loan Agreement"). The agreement
to repay is evidenced by Borrower's Note dated the same date as this Security Instrument ("Note"). This Security
Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest at a rate subject
to adjustment, and all renewals, extensions and modifications of the Note, up to a maximum principal amount of
TWO HUNDRED FIFTY FIVE THOUSAND AND 00/100 - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
(U.S. $   255,000.00      ); (b) the payment of all other sums, with interest, advanced under Paragraph 5 to
protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and
(c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. This
Security Instrument and the Note secured hereby are subject to modification (including changes in the interest
rate, due date, and other terms and conditions), as defined in New Jersey Laws 1985, ch. 353 § et seq., and
upon such modification, shall have the benefit of the lien priority provisions of that law.
For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property
located in   GLOUCESTER                  County, New Jersey:

96XC: 01/95                        Page 1 of 8

DOCKET# 30911    MB 8600 P 250

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

which has the address of  212 KILBURN AVENUE
                                                    [Street]

**WILLIAMSTOWN**          , **NEW JERSEY**          08094          ("Property Address");
[City]                        [State]              [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note.

**2. Payment of Property Charges.** Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement.

**3. Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender or the Secretary of Housing and Urban Development ("Secretary"). Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Lender instead of to Borrower and to Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be

00XA : 02/02                        Page 2 of 8

DOCKET# 30911    MB 8600 P 251

Commonwealth Land Title Insurance Company of NJ

**SCHEDULE C - Land Description**                    File Number: ▮▮▮▮▮

LAND AND PREMISES situate in the Township of Monroe, County of Gloucester and State of New Jersey as follows:

BEGINNING at a point in the curved Easterly line of Kilburn Avenue said point being a total arc and tangent distance of 324.18 feet Southwestwardly from the Westerly end of the curve, radius 20.00 feet, connecting the Southeasterly line of Kilburn Avenue with the Southwesterly line of Bradford Drive; thence

(1)  Southwardly along said curved line of Kilburn Avenue curving to the left with a radius of 130.00 feet an arc distance of 70.00 feet to a point of tangent therein; thence

(2)  South 30 degrees 40 minutes 15 seconds East along same, 56.68 feet to a point; thence

(3)  North 59 degrees 19 minutes 45 seconds East a distance of 125.00 feet to a point; thence

(4)  North 30 degrees 40 minutes 15 seconds West a distance of 60.00 feet to a point; thence

(5)  North 89 degrees 57 minutes 05 seconds West a distance of 124.01 feet to place of beginning.

TAX NOTE:  Being known as Block 3502, Lot 8 on the official tax map.

ALTA Schedule C

*a. C.*

DOCKET# 30911    MB 8600 P 252

lessened, the insurance proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**4. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence after the execution of this Security Instrument, and Borrower (or at least one Borrower, if initially more than one person are Borrowers) shall continue to occupy the Property as Borrower's principal residence for the term of the Security Instrument. "Principal residence" shall have the same meaning as in the Loan Agreement.

Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

**5. Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments. Borrower shall promptly discharge any lien which has priority over this Security Instrument in the manner provided in Paragraph 12(c).

If Borrower fails to make these payments or the property charges required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

To protect Lender's security in the Property, Lender shall advance and charge to Borrower all amounts due to the Secretary for the Mortgage Insurance Premium as defined in the Loan Agreement as well as all sums due to the loan servicer for servicing activities as defined in the Loan Agreement. Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower as provided for in the Loan Agreement and shall be secured by this Security Instrument.

**6. Inspection.** Lender or its agent may enter on, inspect or make appraisals of the Property in a reasonable manner and at reasonable times provided that Lender shall give the Borrower notice prior to any inspection or appraisal specifying a purpose for the inspection or appraisal which must be related to Lender's interest in the Property. If the property is vacant or abandoned or the loan is in default, Lender may take reasonable action to protect and preserve such vacant or abandoned Property without notice to the Borrower.

**7. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation shall be paid to Lender. The proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property, and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

03XA : 02/02                                                    Page 3

DOCKET# 30911      MB 8600 P 253

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

(a) **Due and Payable.** Lender may require immediate payment in full of all sums secured by this Security Instrument if:

(i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower; or

(ii) All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower or retains a life estate (or retaining a beneficial interest in a trust with such an interest in the Property).

(b) **Due and Payable with Secretary Approval.** Lender may require immediate payment in full of all sums secured by this Security Instrument, upon approval of the Secretary, if:

(i) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower; or

(ii) For a period of longer than twelve (12) consecutive months, a Borrower fails to occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

(iii) An obligation of the Borrower under this Security Instrument is not performed.

(c) **Notice to Lender.** Borrower shall notify Lender whenever any of the events listed in this Paragraph (a) (ii) or (b) occur.

(d) **Notice to Secretary and Borrower.** Lender shall notify the Secretary and Borrower whenever the loan becomes due and payable under Paragraph 9 (a) (ii) or (b). Lender shall not have the right to commence foreclosure until Borrower has had thirty (30) days after notice to either:

(i) Correct the matter which resulted in the Security Instrument coming due and payable; or

(ii) Pay the balance in full; or

(iii) Sell the Property for the lesser of the balance or 95% of the appraised value and apply the net proceeds of the sale toward the balance; or

(iv) Provide the Lender with a deed in lieu of foreclosure.

(e) **Trusts.** Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph 9. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph 9.

(f) **Mortgage Not Insured.** Borrower agrees that should this Security Instrument and the Note not be eligible for insurance under the National Housing Act within SIXTY DAYS                    from the date hereof, if permitted by applicable law Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to   SIXTY DAYS                from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. **No Deficiency Judgments.** Borrower shall have no personal liability for payment of the debt secured by this Security Instrument. Lender may enforce the debt only through sale of the Property. Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Security Instrument is foreclosed. If this Security Instrument is assigned to the Secretary upon demand by the Secretary, Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

11. **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full. This right applies even after foreclosure proceedings are instituted. To reinstate this Security Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment in full. Foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure

04XA : 02/02                              Page 4

DOCKET# 30911    MB 8600 P 254

proceeding shall be added to the principal balance. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the Security Instrument.

**12. Lien Status.**

(a) **Modification.** Borrower agrees to extend this Security Instrument in accordance with this Paragraph 12(a). If Lender determines that the original lien status of the Security Instrument is jeopardized under state law (including but not limited to situations where the amount secured by the Security Instrument equals or exceeds the maximum principal amount stated or the maximum period under which loan advances retain the same lien priority initially granted to loan advances has expired) and state law permits the original lien status to be maintained for future loan advances through the execution and recordation of one or more documents, then Lender shall obtain title evidence at Borrower's expense. If the title evidence indicates that the Property is not encumbered by any liens (except this Security Instrument, the Second Security Instrument described in Paragraph 13(a) and any subordinate liens that the Lender determines will also be subordinate to any future loan advances), Lender shall request the Borrower to execute any documents necessary to protect the lien status of future loan advances. Borrower agrees to execute such documents. If state law does not permit the original lien status to be extended to future loan advances, Borrower will be deemed to have failed to have performed an obligation under this Security Instrument.

(b) **Tax Deferral Programs.** Borrower shall not participate in a real estate tax deferral program, if any liens created by the tax deferral are not subordinate to this Security Instrument.

(c) **Prior Liens.** Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to all amounts secured by this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**13. Relationship to Second Security Instrument.**

(a) **Second Security Instrument.** In order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to execute a Second Note and a Second Security Instrument on the Property.

(b) **Relationship of First and Second Security Instruments.** Payments made by the Secretary shall not be included in the debt under the Note unless:

(i) This Security Instrument is assigned to the Secretary; or

(ii) The Secretary accepts reimbursement by the Lender for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, but excluding late charges paid by the Secretary, shall be included in the debt under the Note.

(c) **Effect on Borrower.** Where there is no assignment or reimbursement as described in (b)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:

(i) Be required to pay amounts owed under the Note, or pay any rents and revenues of the Property under Paragraph 19 to Lender or a receiver of the Property, until the Secretary has required payment in full of all outstanding principal and accrued interest under the Second Note; or

(ii) Be obligated to pay interest or shared appreciation under the Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance under the Note.

05XA : 02/02                                        Page 5

DOCKET♯ 30911    MB 8600 P 255

(d) No Duty of the Secretary. The Secretary has no duty to Lender to enforce covenants of the Second Security Instrument or to take actions to preserve the value of the Property, even though Lender may be unable to collect amounts owed under the Note because of restrictions in this Paragraph 13.

14. Forbearance by Lender Not a Waiver. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

15. Successors and Assigns Bound; Joint and Several Liability. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender. Borrower may not assign any rights or obligations under this Security Instrument or under the Note, except to a trust that meets the requirements of the Secretary. Borrower's covenants and agreements shall be joint and several.

16. Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address all Borrowers jointly designate. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph 16.

17. Governing Law; Severability. This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

18. Borrower's Copy. Borrower shall be given one conformed copy of the Note and this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

19. Assignment of Rents. Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by this Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this Paragraph 19.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by this Security Instrument is paid in full.

20. Foreclosure Procedure. If Lender requires immediate payment in full under Paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 20, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court.

97XC: 01/97    Page 6 of 8

DOCKET# 30911    MB 8600 P 256

21. **Lien Priority.** The full amount secured by this Security Instrument shall have the same priority over any other liens on the Property as if the full amount had been disbursed on the date the initial disbursement was made, regardless of the actual date of any disbursement. The amount secured by this Security Instrument shall include all direct payments by Lender to Borrower and all other loan advances permitted by this Security Instrument for any purpose. This lien priority shall apply notwithstanding any State constitution, law or regulation, except that this lien priority shall not affect the priority of any liens for unpaid State or local governmental unit special assessments or taxes.

22. **Adjustable Rate Feature.** Under the Note, the initial stated interest rate of      4.8200  % which accrues on the unpaid principal balance ("Initial Interest Rate") is subject to change, as described below. When the interest rate changes, the new adjusted interest rate will be applied to the total outstanding principal balance. Each adjustment to the interest rate will be based upon the weekly average yield on United States Treasury Securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board in Statistical Release H.15 (519) ("Index") plus a margin. If the Index is no longer available, Lender will use as a new Index any index prescribed by the Secretary. Lender will give Borrower notice of the new Index.

Lender will perform the calculations described below to determine the new adjusted interest rate. The interest rate may change on the first day of      JULY, 2005      , and on  ☐  that day of each succeeding year ☒ the first day of each succeeding month ("Change Date") until the loan is repaid in full.

The value of the Index will be determined, using the most recent Index figure available thirty (30) days before the Change Date ("Current Index"). Before each Change Date, the new interest rate will be calculated by adding a margin to the Current Index. The sum of the margin plus the Current Index will be called the "Calculated Interest Rate" for each Change Date. The Calculated Interest Rate will be compared to the interest rate in effect immediately prior to the current Change Date (the "Existing Interest Rate").

☐  (Annually Adjusting Variable Rate Feature) The Calculated Interest Rate cannot be more than 2.0% higher or lower than the Existing Interest Rate, nor can it be more than 5.0% higher or lower than the Initial Interest Rate.

☒  (Monthly Adjusting Variable Rate Feature) The Calculated Interest Rate will never increase above **FOURTEEN AND 820/1000**      percent (      14.82000  %).

The Calculated Interest Rate will be adjusted if necessary to comply with these rate limitation(s) and will be in effect until the next Change Date. At any Change Date, if the Calculated Interest Rate equals the Existing Interest Rate, the interest rate will not change.

23. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

24. **No Claim of Credit for Taxes.** Borrower will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments or charges. Borrower will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

98XC : 05/97                    Page 7 of 8

*A.C.*

DOCKET# 30911   MB 8600 P 257

25. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es).]

☐ Condominium Rider   ☐ Shared Appreciation Rider   ☐ Planned Unit Development Rider
☐ Other (Specify)

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)          _____ (Seal)
ANTHONY N. CHICCINI        -Borrower                                    -Borrower

——————— [Space Below This Line For Acknowledgment] ———————

State of New Jersey

County of _Camden_

I CERTIFY that on _4-25-05_

_Anthony N. Chiccini_

personally appeared before me and acknowledged under oath, to my satisfaction, that this person (or if more than one person each person):

a.  is named in and personally signed the within instrument; and

b.  signed, sealed and delivered the same as his/her/their act and deed.

Signature _Mildred Wyatt_
Title _Settlement Officer_

99XC : 01/03                    Page 8 of 8
Mildred R Wyatt
Notary Public of New Jersey
My Commission Expires 7-12-2006

# EXHIBIT C

# LEGAL DESCRIPTION

LAND AND PREMISES situate in the Township of Monroe, County of Gloucester and State of New Jersey as follows:

BEGINNING at a point in the curved Easterly line of Kilburn Avenue said point being a total arc and tangent distance of 324.18 feet Southwestwardly from the Westerly end of the curve, radius 20.00 feet, connecting the Southeasterly line of Kilburn Avenue with the Southwesterly line of Bradford Drive; thence

(1) Southwardly along said curved line of Kilburn Avenue curving to the left with a radius of 130.00 feet an arc distance of 70.00 feet to a point of tangent therein; thence

(2) South 30 degrees 40 minutes 15 seconds East along same, 56.68 feet to a point; thence

(3) North 59 degrees 19 minutes 45 seconds East a distance of 125.00 feet to a point; thence

(4) North 30 degrees 40 minutes 15 seconds West a distance of 60.00 feet to a point; thence

(5) North 89 degrees 57 minutes 05 seconds West a distance of 124.01 feet to place of beginning.

TAX NOTE:  Being known as Block 3502, Lot 8 on the official tax map.

# EXHIBIT D

Docket# 34532    Type: ASM    Pages: 1
James N. Hogan, Gloucester County Clerk
Receipt# 32569    10:37:43 A.M.  09/13/2010
Recording Fee: $40.00    AB 179 165

Requested By/After Recording,
please return to:
**Stewart Lender Services**
Attn: Maude Le Blanc                Job Number
9700 Bissonnet St., Suite 1500      Loan Number
Houston, TX 77036                    FHA Loan N

Prepared by:
Stewart Lender Services
Maude Le Blanc
9700 Bissonnet St., Suite 1500
Houston, Texas 77036

## ASSIGNMENT of MORTGAGE AND OTHER LOAN DOCUMENTS

WELLS FARGO BANK, N.A., whose address is ONE HOME CAMPUS, DES MOINES, IA 50328 ("Assignor"), in consideration of Ten Dollars ($10.00) and other good and valuable consideration received by Assignor, hereby assigns, transfers, sets over and conveys to THE SECRETARY OF HOUSING AND URBAN DEVELOPMENT, WASHINGTON, D.C., and his/her successors and assigns, without recourse, the following:

1.    that certain Mortgage dated 4/25/2005, and Recorded on 05/10/2005, Book 8600, Page No. 248 , among the land records of Gloucester County, New Jersey, as amended or modified (the Mortgage), which Mortgage secures that certain promissory note dated 4/25/2005 (the "Note"); and

**Borrower:**  ANTHONY N. CHICCINI

**Recording Ref:**  Recorded on 05/10/2005, Book 8600, Page No. 248, Date of Mortgage 4/25/2005

**Original Beneficiary:**  WELLS FARGO BANK, N. A.

**Property Address:**  212 KILBURN AVENUE
WILLIAMSTOWN NJ 08094

2.    such other documents, agreements, instruments and other collateral that evidence, secure or otherwise relate to Assignor's right, title or interest in and to the Mortgage and/or the Note, including without limitation the title insurance policies and hazard insurance policies that might presently be in effect.

TO HAVE AND TO HOLD unto Assignee and its successors and assigns forever.

IN WITNESS WHEREOF, Assignor has caused this Assignment to be executed and delivered by its duly authorized officer as of the 24 day of June , 2010.

WELLS FARGO BANK, N.A.,

By: _____
MARK WOOTON
VICE PRESIDENT

Attest: _____
KEITH SCHARES
VICE PRESIDENT

Name and Address of Assignee:
Secretary of Housing and Urban Development
451 7th Street, S.W.
Washington, D.C. 20410
~~Maude LeBlanc~~  MV
~~Sherry Does~~ MAUDE LEBLANC
~~3940 Kirby Drive, Suite 300~~ 9700 BISSONNET, SUITE 1500
Houston, Texas ~~77098~~
77036

## ACKNOWLEDGMENT

STATE OF IOWA
COUNTY OF DALLAS
The foregoing instrument was acknowledged before me on the 24 day of June , 2010 by MARK WOOTON, as VICE PRESIDENT for WELLS FARGO BANK, N.A., in the capacity noted in the foregoing instrument.

_____
Notary Public
My commision expires 05-28-11

ANNE M. NELSON
Commission Number 716748
My Commission Expires
May 28, 2011

# EXHIBIT E

# Statement of Account

**U.S. Department of Housing
and Urban Development
Office of Finance and Accounting**

HUD Field Office

| To | 1. FHA Case Number | 2. Account Number |
|---|---|---|
| HUD/OFFICE OF GENERAL COUNSEL | ███ | ███ |

| 3. Mortgagor/Owner | 4. Social Security Number |
|---|---|
| ANTHONY N CHICCINI | ███ |

| 5. Co-Mortgagor | 6. Social Security Number |
|---|---|

| 7. Name of original mortgagor if different from above | 8. Property Address |
|---|---|
| | 212 KILBURN AVE |
| | WILLIAMSTOWN, NJ 08094 |

## Part 1.  General Account Information

| Original Mortgage Amount | Unpaid Principal Balance | Escrow Balance | Interest Rate | Term |
|---|---|---|---|---|
| | $159,698.67 | | 3.810 | |

| Type of mortgage | Last payment applied | Date | Date of oldest unpaid interest installment |
|---|---|---|---|
| HECM | | | |

| Type of Tax | Year | Amount | Date sent to RAD | Date Deducted from Account |
|---|---|---|---|---|
| | | | | |
| | | | | |

Please Note:  The information provided may change subject to un-collectibles from previous owner or foreclosures of other costs incurred but not posted against the account.

| Part 2.  Assumption Information / Bring Current Information | | Part 3.  Payoff Information | |
|---|---|---|---|
| Other mortgage is to be assumed:  1.  Remit certified funds to bring account current; 2.  Provide a copy of the conveyance document; 3.  Provide letter from seller authorizing transfer of escrow funds to buyer (no escrow funds will be refunded); 4.  Provide verification of Hazard Insurance coverage. | | Principal Balance | $159,698.67 |
| **Bring Current Amount** | | Interest Due | $64,624.88 |
| Principal | $159,698.67 | Service Charge | $4,800.00 |
| Interest | $64,624.88 | Late Charge | |
| Tax Escrow Required | | Returned Check Charge | |
| Service Charge | $4,800.00 | Advance Amount | |
| Late Charge | | Tax Escrow Applied | |
| Tax Advance | | Other (specify) MIP | $15,170.48 |
| Other (specify) MIP | $15,170.48 | Interest on Advances | |
| Interest on Advances | | Taxes Paid but Not Posted | |
| Total to Bring Current as of:   07/10/2018 | $244,294.03 | Total Payoff Amount as of:   07/10/2018 | $244,294.03 |
| Current Monthly Payment, Principal and Interest | | Per Diem Service Charge | |
| Tax Escrow | | Per Diem Interest | $28.85 |
| Service Charge | | | |
| Total Monthly Payment See back of page if mortgage is 235 | | | |

| Prepared by | Title | Date |
|---|---|---|
| ALYSSA WARSTLER | CASH ANALYST | 07/10/2018 |

I hereby certify that the above is a true and correct statement of the unpaid balance due on the Note and Mortgage (or Deed of Trust) identified above and held by the Secretary of the U.S. Department of Housing and Urban Development.

Warning:  HUD will prosecute false claims and statements.  Conviction may result in criminal and/or civil penalties. (18 U.S.C. 1001, 1010, 1012;  31 U.S.C. 3729, 3802)

| Certified by | Title | Date |
|---|---|---|
| KAYE JAMES | CASH MANAGEMENT | 07/10/2018 |

form HUD-698 (1/89)

# EXHIBIT F

DOCKET# 92596          Type: MTG
                       PAGES: 10

JAMES N. HOGAN
GLOUCESTER COUNTY CLERK
RECEIPT#: 69399         03:15:20 P.M.

12/22/2005
MB 9316      9

## GLOUCESTER COUNTY RECORDING DATA PAGE

PLEASE DO NOT DETACH THIS PAGE FROM THE ORIGINAL
DOCUMENT AS IT CONTAINS IMPORTANT INFORMATION AND
IS PART OF THE PERMANENT RECORD.

RECORD & RETURN TO:

Trident Land Transfer Co NJ
1409 N. Kings Highway
Cherry Hill, NJ 08034

## GLOUCESTER COUNTY RECORDING DATA PAGE
### JAMES N. HOGAN, COUNTY CLERK

DOCKET# 9259&█ LM█ 9316 P 10
J#

CHARGE, RECORD RETURN
TRIDENT LAND TRANSFER CO. NJ
1409 N. KINGS HIGHWAY
CHERRY HILL, NJ 08034

RECORD AND RETURN TO:
WELLS FARGO BANK, N. A.
3601 MINNESOTA DRIVE, MAC: X4701-022
BLOOMINGTON, MN 55435

---

[Space Above This Line For Recording Data]

State of New Jersey                                    FHA Case No. █████████

# ADJUSTABLE RATE
# HOME EQUITY CONVERSION SECOND MORTGAGE

THIS MORTGAGE ("Security Instrument" or "Second Security Instrument") is given on
**APRIL 25, 2005**            . The mortgagor is
**ANTHONY N. CHICCINI**

whose address is  **212 KILBURN AVENUE,**
**WILLIAMSTOWN, NEW JERSEY 08094**                          ("Borrower"). This Security Instrument
is given to the Secretary of Housing and Urban Development, whose principal office and mailing address is 451
Seventh Street, S.W., Washington, DC 20410 ("Lender" or "Secretary"). Borrower has agreed to repay to Lender
amounts which Lender is obligated to advance, including future advances, under the terms of a Home Equity
Conversion Loan Agreement dated the same date as this Security Instrument ("Loan Agreement"). The agreement
to repay is evidenced by Borrower's Note dated the same date as this Security Instrument ("Second Note"). This
Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Second Note, with interest,
at a rate subject to adjustment, and all renewals, extensions and modifications of the Note, up to a maximum
principal amount of
**TWO HUNDRED FIFTY FIVE THOUSAND AND 00/100** - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
(U.S. $    **255,000.00**       ); (b) the payment of all other sums, with interest, advanced under Paragraph 5 to
protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and
(c) the performance of Borrower's covenants and agreements under this Security Instrument and the Second Note.
This Security Instrument and the Note secured hereby are subject to modification (including changes in the
interest rate, the due date, and other terms and conditions), as defined in New Jersey Laws 1985, ch. 353 § 1 et
seq., and upon such modification, shall have the benefit of the lien priority provisions of that law.
For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property
located in  **GLOUCESTER**            County, New Jersey:

XX00 : 02/02                      Page 1 of 8

*A. C.*

DOCKET# 92596    MB 9316 P 11

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

which has the address of  212 KILBURN AVENUE

[Street]

**WILLIAMSTOWN**    , **NEW JERSEY**    08094    ("Property Address");

[City]    [State]    [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is only encumbered by a First Security Instrument given by Borrower and dated the same date as this Security Instrument ("First Security Instrument"). Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.**  Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Second Note.

2. **Payment of Property Charges.**  Borrower shall pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays property charges by withholding funds from monthly payments due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement. Lender may require Borrower to pay specified property charges directly to the party owed payment even though Lender pays other property charges as provided in this Paragraph.

3. **Fire, Flood and Other Hazard Insurance.**  Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods  required by Lender. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail.  Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss to Lender instead of to Borrower and Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's

10XA : 08/97    Page 2 of 8

**DOCKET# 92596    MB 9316 P 12**
Commonwealth Land Title Insurance Company of NJ

**SCHEDULE C - Land Description**                    File Number:

LAND AND PREMISES situate in the Township of Monroe, County of Gloucester and State of New Jersey as follows:

BEGINNING at a point in the curved Easterly line of Kilburn Avenue said point being a total arc and tangent distance of 324.18 feet Southwestwardly from the Westerly end of the curve, radius 20.00 feet, connecting the Southeasterly line of Kilburn Avenue with the Southwesterly line of Bradford Drive; thence

(1) Southwardly along said curved line of Kilburn Avenue curving to the left with a radius of 130.00 feet an arc distance of 70.00 feet to a point of tangent therein; thence

(2) South 30 degrees 40 minutes 15 seconds East along same, 56.68 feet to a point; thence

(3) North 59 degrees 19 minutes 45 seconds East a distance of 125.00 feet to a point; thence

(4) North 30 degrees 40 minutes 15 seconds West a distance of 60.00 feet to a point; thence

(5) North 89 degrees 57 minutes 05 seconds West a distance of 124.01 feet to place of beginning.

TAX NOTE: Being known as Block 3502, Lot 8 on the official tax map.

ALTA Schedule C

DOCKET# 92596     MB 9316 P 13

security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied first to the reduction of any indebtedness under the Second Note and this Security Instrument. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Second Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

4. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence after the execution of this Security Instrument, and Borrower (or at least one Borrower, if initially more than one person are Borrowers) shall continue to occupy the Property as Borrower's principal residence for the term of the Security Instrument. "Principal residence" shall have the same meaning as in the Loan Agreement.

Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

5. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments. Borrower shall promptly discharge any lien which has priority over this Security Instrument in the manner provided in Paragraph 12(c).

If Borrower fails to make these payments or the property charges required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

To protect Lender's security in the Property, Lender shall advance and charge to Borrower all amounts due to the Secretary for the Mortgage Insurance Premium as defined in the Loan Agreement as well as all sums due to the loan servicer for servicing activities as defined in the Loan Agreement. Any amounts disbursed by Lender under this Paragraph shall become an additional debt of Borrower as provided for in the Loan Agreement and shall be secured by this Security Instrument.

6. **Inspection.** Lender or its agent may enter on, inspect or make appraisals of the Property in a reasonable manner and at reasonable times provided that Lender shall give the Borrower notice prior to any inspection or appraisal specifying a purpose for the inspection or appraisal which must be related to Lender's interest in the Property. If the property is vacant or abandoned or the loan is in default, Lender may take reasonable action to protect and preserve such vacant or abandoned Property without notice to the Borrower.

7. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation shall be paid to Lender. The proceeds shall be applied first to the reduction of any indebtedness under a Second Note and this Security Instrument. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Second Note and this Security Instrument shall be paid to the entity legally entitled thereto.

13XA : 11/88                     Page 3

DOCKET# 92596    MB 9316 P 14

**8. Fees.** Lender may collect fees and charges authorized by the Secretary for the Home Equity Conversion Mortgage Insurance Program.

**9. Grounds for Acceleration of Debt.**

(a) **Due and Payable.** Lender may require immediate payment in full of all sums secured by this Security Instrument if:

(i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower; or

(ii) All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains title to the Property in fee simple or retains a leasehold under a lease for less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower or retains a life estate (or retaining a beneficial interest in a trust with such an interest in the Property); or

(iii) The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower; or

(iv) For a period of longer than twelve (12) consecutive months, a Borrower fails to occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

(v) An obligation of the Borrower under this Security Instrument is not performed.

(b) **Notice to Lender.** Borrower shall notify Lender whenever any of the events listed in Paragraph 9(a)(ii)-(v) occur.

(c) **Notice to Borrower.** Lender shall notify Borrower whenever the loan becomes due and payable under Paragraph 9 (a)(ii)-(v). Lender shall not have the right to commence foreclosure until Borrower has had thirty (30) days after notice to either:

(i) Correct the matter which resulted in the Security Instrument coming due and payable; or

(ii) Pay the balance in full; or

(iii) Sell the Property for the lesser of the balance or 95% of the appraised value and apply the net proceeds of the sale toward the balance; or

(iv) Provide the Lender with a deed in lieu of foreclosure.

(d) **Trusts.** Conveyance of Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph 9. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph 9.

**10. No Deficiency Judgments.** Borrower shall have no personal liability for payment of the debt secured by this Security Instrument. Lender may enforce the debt only through sale of the Property. Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Security Instrument is foreclosed.

**11. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full. This right applies even after foreclosure proceedings are instituted. To reinstate this Security Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment in full. Foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding shall be added to the principal balance. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement after if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the Security Instrument.

14XA : 11/96                    Page 4

DOCKET# 92596   MB 9316 P 15

**12. Lien Status.**

(a) **Modification.** Borrower agrees to extend this Security Instrument in accordance with this Paragraph 12(a). If Lender determines that the original lien status of the Security Instrument is jeopardized under state law (including but not limited to situations where the amount secured by the Security Instrument equals or exceeds the maximum principal amount stated or the maximum period under which loan advances retain the same lien priority initially granted to loan advances has expired) and state law permits the original lien status to be maintained for future loan advances through the execution and recordation of one or more documents, then Lender shall obtain title evidence at Borrower's expense. If the title evidence indicates that the Property is not encumbered by any liens (except the First Security Instrument described in Paragraph 13(a), this Second Security Instrument and any subordinate liens that the Lender determines will also be subordinate to any future loan advances), Lender shall request the Borrower to execute any documents necessary to protect the lien status of future loan advances. Borrower agrees to execute such documents. If state law does not permit the original lien status to be extended to future loan advances, Borrower will be deemed to have failed to have performed an obligation under this Security Instrument.

(b) **Tax Deferral Programs.** Borrower shall not participate in a real estate tax deferral program, if any liens created by the tax deferral are not subordinate to this Security Instrument.

(c) **Prior Liens.** Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to all amounts secured by this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**13. Relationship to First Security Instrument.**

(a) **Second Security Instrument.** In order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, the Secretary has required Borrower to execute a Second Note and this Second Security Instrument. Borrower also has executed a First Note and First Security Instrument.

(b) **Relationship of First and Second Security Instruments.** Payments made by the Secretary shall not be included in the debt under the First Note unless:

(i) The First Security Instrument is assigned to the Secretary; or

(ii) The Secretary accepts reimbursement by the holder of the First Note for all payments made by the Secretary.

If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including interest on the payments, but excluding late charges paid by the Secretary, shall be included in the debt under the First Note.

(c) **Effect on Borrower.** Where there is no assignment or reimbursement as described in (b)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:

(i) Be required to pay amounts owed under the First Note, or pay any rents and revenues of the Property under Paragraph 19 to the holder of the First Note or a receiver of the Property, until the Secretary has required payment in full of all outstanding principal and accrued interest under the Second Note; or

(ii) Be obligated to pay interest or shared appreciation under the First Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance under the First Note.

(d) **No Duty of the Secretary.** The Secretary has no duty to the holder of the First Note to enforce covenants of the Second Security Instrument or to take actions to preserve the value of the Property, even though the holder of the First Note may be unable to collect amounts owed under the First Note because of restrictions in this Paragraph 13.

15XA : 11/96                                                    Page 5

DOCKET# 92596     MB 9316 P 16

(e) **Restrictions on Enforcement.** Notwithstanding anything else in this Security Instrument, the Borrower shall not be obligated to comply with the covenants hereof, and Paragraph 19 shall have no force and effect, whenever there is no outstanding balance under the Second Note.

14. **Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

15. **Successors and Assigns Bound; Joint and Several Liability.** Borrower may not assign any rights or obligations under this Security Instrument or the Second Note, except to a trust that meets the requirements of the Secretary. Borrower's covenants and agreements shall be joint and several.

16. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address all Borrowers jointly designate. Any notice to the Secretary shall be given by first class mail to the HUD Field Office with jurisdiction over the Property or any other address designated by the Secretary. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph 16.

17. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Second Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Second Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Second Note are declared to be severable.

18. **Borrower's Copy.** Borrower shall be given one conformed copy of the Second Note and this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

19. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenue of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by this Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this Paragraph 19, except as provided in the First Security Instrument.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by this Security Instrument is paid in full.

20. **Foreclosure Procedure.** If Lender requires immediate payment in full under Paragraph 9, Lender may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 20, including, but not limited to, attorneys' fees and costs of title evidence permitted by Rules of Court.

XD01 : 02/02                    Page 6 of 8



DOCKET# 92596    MB 9316 P 17

**21. Lien Priority.** The full amount secured by this Security Instrument shall have a lien priority subordinate only to the full amount secured by the First Security Instrument.

**22. Adjustable Rate Feature.** Under the Second Note, the initial stated interest rate of    4.8200 % which accrues on the unpaid principal balance ("Initial Interest Rate") is subject to change, as described below. When the interest rate changes, the new adjusted interest rate will be applied to the total outstanding principal balance. Each adjustment to the interest rate will be based upon the weekly average yield on United States Treasury Securities adjusted to a constant maturity of one year, as made available by the Federal Reserve Board in Statistical Release H.15 (519) ("Index") plus a margin. If the Index is no longer available, Lender will use as a new Index any index prescribed by the Secretary. Lender will give Borrower notice of the new Index.

Lender will perform the calculations described below to determine the new adjusted interest rate. The interest rate may change on the first day of    JULY, 2005    , and on ☐ that day of each succeeding year ☒ the first day of each succeeding month ("Change Date") until the loan is repaid in full.

The value of the Index will be determined, using the most recent Index figure available thirty (30) days before the Change Date ("Current Index"). Before each Change Date, the new interest rate will be calculated by adding a margin to the Current Index. The sum of the margin plus the Current Index will be called the "Calculated Interest Rate" for each Change Date. The Calculated Interest Rate will be compared to the interest rate in effect immediately prior to the current Change Date (the "Existing Interest Rate").

☐ (Annually Adjusting Variable Rate Feature) The Calculated Interest Rate cannot be more than 2.0% higher or lower than the Existing Interest Rate, nor can it be more than 5.0% higher or lower than the Initial Interest Rate.

☒ (Monthly Adjusting Variable Rate Feature) The Calculated Interest Rate will never increase above FOURTEEN AND 820/1000    percent (    14.82000 %).

The Calculated Interest Rate will be adjusted if necessary to comply with these rate limitation(s) and will be in effect until the next Change Date. At any Change Date, if the Calculated Interest Rate equals the Existing Interest Rate, the interest rate will not change.

**23. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall cancel this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

**24. No Claim of Credit for Taxes.** Borrower will not make deduction from or claim credit on the principal or interest secured by this Security Instrument by reason of any governmental taxes, assessments or charges. Borrower will not claim any deduction from the taxable value of the Property by reason of this Security Instrument.

DOCKET# 92596    MB 9316 P 18

25. **Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es).]

☐ Condominium Rider     ☐ Shared Appreciation Rider     ☐ Planned Unit Development Rider
☐ Other (Specify)

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)          _____ (Seal)
ANTHONY N. CHICCINI      -Borrower                                  -Borrower

_____ [Space Below This Line For Acknowledgment] _____

State of New Jersey

County of CAMDEN

I CERTIFY that on 4-25-05

Anthony N. Chiccini

personally appeared before me and acknowledged under oath, to my satisfaction, that this person (or if more than one each persons):

  a.  is named in and personally signed the within instrument; and

  b.  signed, sealed and delivered the same as his/her/their act and deed.

Signature _____

Title _____

XD03 : 01/03